Good morning. I'm John Rhodes from the Federal Defenders of Montana in the Missoula office. I represent Tony Bronson. The supervised release condition prohibiting Mr. Bronson from possessing obscene materials is unconstitutional in two regards. First, it's vague because it lets a probation office determine obscenity. It's also an impermissible delegation of the district court's judicial authority. Perhaps the best evidence of the unconstitutionality of this condition is what the district court said when it was adjudicating the government's request to forfeit seized drawings. Those drawings were seized from Mr. Bronson, both from his jail cell as well as from his residence when the child pornography investigation searched his house. When the government was asking the judge to forfeit those drawings, the judge said, I don't think it's right for me to say whether it's obscene or not. Maybe that's a legal conclusion. Counsel, it seems to me that you're confusing the constitutionality of the statute with the nature of a forfeiture proceeding. And as I read Judge Malloy's comments, what he was saying is, I don't have any evidence before me here. We're not conducting an evidentiary hearing on whether or not this is obscene. I need some evidence here in order to make that determination, and that proceeding is going to have to take place at some other time. So I'm not ruling on whether or not he gets his drawings back. Did I misread the record? That's how I understood what he was saying. Ultimately, he said he wasn't going to adjudicate the forfeiture issue absent a separate hearing. He did have the evidence of the drawings. Those were submitted in camera under seal to him. And before he got to his ultimate ruling, he was discussing or non-ruling, but his ruling was, I'm not going to rule on the forfeiture issue. Let me go back to your unconstitutional argument. How do you get around our decision in the United States v. Shales in which we upheld the constitutionality of Section 1466A? There's two reasons, Your Honor. First, Shales was an interpretation of the statute, and statutes are obviously presumed to be presumptively constitutional. Here we're dealing with the supervised release conditions. Didn't the district court, in essence, incorporate the definition of sexually explicit conduct under 1466A and then couple it with the Supreme Court's decision in Miller to define as best he could what conduct was prohibited under the special condition? That's 1466A, Your Honor, was expressly incorporated into the condition. But the big difference here is that 1466A prohibits obscenity possessed, produced, with intent to distribute. And that's a critical distinction because here there is no intent to distribute requirement. But he's incorporating it, is he not, in order to provide as best the district court could articulate what conduct is prohibited by your client. And he tells him, you basically can't produce drawings that are sexually explicit as defined in 1466A, and I'm going to apply the standards of obscenity under the Supreme Court's Miller decision. What more could the district court say in terms of defining the contours of the special condition of supervised release? That gets back to the district court's frustration with trying to provide guidance regarding obscenity because the court even said, with respect to these seized drawings, is that obscene? Well, we'd have to ask the community. Well, but the judge ultimately is going to make, as you put it, I think, a legal decision. Is that correct? The district court judge sometimes called it a legal determination, sometimes called it a factual determination, but ultimately, yes, it's a legal determination, and that's the problem with having the probation office determine it. Well, but that gets to my point that I'm not sure I completely understand your argument that the probation office would be determining it because ultimately, all the probation officer gets to do is to bring it to the attention through a revocation, and the probation officer doesn't make the decision, the judge does. Isn't that right? But the beginning of that process is a petition to revoke supervision. But that's like somebody arresting somebody on the street. They don't get to decide if the arrest is legal, so you haven't delegated that authority. I mean, all kinds of law enforcement personnel are part and parcel of aspects of the system, but your argument is that somehow there's been an abdication or a delegation, and I look at Nearkey and some of our other cases, and I'm just trying to figure out maybe your argument is different than that. What's your best case for saying that there is an inappropriate delegation? You use the critical word arrest, so the probation office can go and ask for an arrest warrant, and that's obviously a major event in an individual's life to be subject to an arrest warrant and lose their liberty and go to jail. So this goes back to the question from Judge Tallman regarding the Shales case. The Supreme Court decision in Miller and Shales, which relies on the Supreme Court decision in Williams, all say the key to preventing obscenity from being a vague concept is the jury trial, because you have jurors determining what the average person in the community would believe is something that appeals to prurient interest and is patently offensive. But that's a different challenge. You're now suggesting not that the probation officer is in some position of delegation, but you're now suggesting that somehow even the judge can't make the ultimate decision and it has to go to a jury. I didn't see that argument in the brief, so now I'm trying to understand what the argument today is. The cure to vagueness is the jury trial and proof beyond a reasonable doubt. That's what I think the district court judge was struggling with. And if you look again at the Shales decision, it says just that. Could there never be a probation condition that precluded possession of obscenity in your view? Yes, as specified in this case, because first of all, obscenity, possessing it alone is legal. Obscene materials, I guess. Possessing obscene materials alone is legal under Stanley v. Georgia. It's the intent to distribute that makes it a crime. And again, what cures the vagueness, and this is expressly stated in Shales, relying on Williams and the right to jury trial and the importance of the jurors determining what the average person in the community would believe appeals to prurient interest. But wouldn't possession of child pornography in and of itself be a separate criminal offense that would be a violation of his conditions of supervised release? Yes, that's a separate condition. And that's what he was alleged to be drawing, was he not, counsel? It's not child pornography if it does not involve a real person. That's why I believe the district court came up with this novel condition, because what he was drawing was child pornography. It's in the possession of the government. I think we'd have a separate prosecution. I'd like to reserve my remaining two minutes. Thank you. You may. Good morning, Your Honors. May it please the Court. I'm Leif Johnson for the United States. Let me start with the constitutional standard here, the vagueness standard, the same constitutional test for vagueness that applies in the statutory context to conditions of release. This Court has held that in United States v. Huggs. And that holding also relies on the Third Circuit's case, United States v. Loy. I bring that up because the test is whether or not either the condition or the statute is so indefinite that an ordinary person cannot understand what is prohibited and it is subject to arbitrary enforcement. And that's really what we're arguing here. Is this condition, the obscenity condition that's been approved in the statutory context in Shales, is somehow in the condition of release context so indefinite that it is subject to arbitrary enforcement by the probation office? So procedurally, how would you see it playing out if the probation officer felt that the defendant was in the possession of obscene material and the defendant was of the view, no, this is not obscene material? How would that dispute be resolved in the probation context? In essentially the same way as the statutory context, in the sense that you would have a probable cause officer, which is the probation officer who would, under his statutory duty, bring notice to the court that he's found a violation. The court would then apply the proper standard of proof and make findings of fact and essentially be the finder of fact that the jury is in the criminal context. And so what we see is a direct analogy. And the court in the Third Circuit decision of Lloyd actually discusses this at some length in a different context. There the court was discussing whether it was unconstitutionally vague to prohibit the possession of, quote, pornography. And the court said, you know, here that term is so indefinite that what it does is the probationer doesn't know what's prohibited, but also the probation officer doesn't know. And so he is going to be applying whatever he feels is titillating to himself to satisfy that condition. And the court said that's unlawful because the only way the probationer learns what's prohibited is by repeatedly going before the court and being revoked. And that's the problem that all vague conditions have, either in the statutory context or in the conditions context. It's the same problem. And that problem is demonstrably not present with obscenity. And as the court in Lloyd made very clear, and as this court made clear in the Gagliardo decision, obscenity is different than pornography. I mean, the Supreme Court has gone, you know, out of its way in many, many cases to explain what it means to apply the community standard to the prurient interest, what it means to be patently offensive sexual conduct. And those are the elements of the Miller test. And taken together, as this court held in Shales, they are a definite statement of what is prohibited. Now, there are indications here that the defendant, in fact, does understand what that means. He stated at page 47 of the record that he was adjusting his conduct to take genitalia out of his drawings. That obviously indicates that he is somehow aware of where the line between acceptable conduct ends and where obscenity begins. I raise that because we think, at the end of the day, the Shales decision really does control this case. And when you combine Shales with hugs, and you acknowledge that the same test applies in both cases, there's no question that the probation officer has a difficult job here. But it's not a job that is subject to arbitrary and discriminatory enforcement. It's a difficult job of defining where the defendant has crossed the line. And that job is just as difficult in the statutory context for a jury as it is for the judge in the context of a condition of revocation. And as the court stated in Shales, and I think the court ought to look to this language at the end of Shales, he said, look, the difficulty does not make it unconstitutionally vague. It's the lack of definiteness that does. And now my friend on the other side has stated, well, you know, the court relied on a jury finding to sort of reduce that problem in the statutory context. But I think he's over-reading Shales on that point. I mean, I think if you take Shales in its proper context, the statutory context, the court is saying, look, there is one question of vagueness that's definiteness that leads to arbitrary enforcement. And there's another question of difficulty. And everybody acknowledges that the obscenity test is difficult. I mean, it's got three standards. They're applied by the community. And that is a line that sort of marks the outer boundaries of acceptable conduct. But I don't understand, and maybe this is a question for Mr. Rhodes, what's different about the district court sitting as the trier of fact in a supervised release revocation proceeding? I mean, I suppose it could impanel an advisory jury if it thought that would be necessary to establish prevailing community standards in Missoula. But I just don't see how this is any different from the district court's role and responsibility to make findings of fact when there's a contest about the evidence of whether or not the condition was violated. We agree. The finder of fact in a criminal case could be the court with the defendant's agreement, obviously. So here the court is applying the appropriate standard of proof to the evidence that's brought to him. It's the same essential finding of fact, and the test applies the same to both. There really can't be any other logical conclusion here. And finally, Judge McKeon, you mentioned the Nurki case and whether or not somehow there's a delegation issue outside of this sort of arbitrary enforcement problem that's raised under due process. This court has in some of its cases, and some of them are cited in our briefs, discussed delegation in a statutory context. This case doesn't raise those problems. And that delegation issue is whether a probation officer extends beyond his duties as set forth in 18 U.S.C. 3063, I think it is. In this case, those duties clearly include notifying the court of a potential violation. So the fact that a probation officer has to bring to the court what it feels is a violation, given the standards that are not vague, that have been presented, does not cause a delegation problem. And as this court noted in Nurki and earlier in the Bee case, oftentimes the probation officer, and in Nurki it specifically says this, the probation officer is supposed to bring violations of sexually explicit conduct that it deems appropriate. In other words, there is always a value judgment made by the probation officers in these cases. There has to be. Nurki actually acknowledges that there's always going to be some discretion in the probation officer, correct? Yes, and I think what Nurki is essentially saying is it's whether or not the statute is so vague that the probation officer's discretion then becomes completely arbitrary and subjects the probationer to this sort of arbitrary enforcement regime that I discussed. So to sum up, we think that the Shales case ought to be applied to the conditions, and you should do that here. And we think that Huggs and Shales read together require that conclusion. If the court has no further questions, thank you. Thank you. Mr. Rhodes, you have some rebuttal time. Thank you, Your Honor. The government began its argument by saying that in the revocation proceeding, the trier of fact, which is a single person, the judge, would apply the proper standard of proof, which is preponderance of the evidence. And that goes back to the Shales decision where in terms of wrestling with the vagueness of obscenity, the court says the problem that poses is addressed not by the doctrine of vagueness but by the requirement of proof beyond a reasonable doubt. Where are you reading from? What page? Shales. It's on page 973. All right. Thank you. It's the last paragraph above subsection B. So you would describe this as a lone exception to the fact-finding role of the district court in determining any other violation of a condition of supervised release? And it goes to the thorny issue of obscenity where in Miller, the Supreme Court adopted this community standards element. So you don't think a district judge, if he heard testimony, let's say, from expert witnesses at the probation revocation or, excuse me, the supervised release revocation hearing, the district judge wouldn't be competent to make that determination? Not under Miller because Miller seized upon the importance of the jury to make this standard. So what if he impaneled a sentencing jury to assist him in that regard? Perhaps that would answer the question. But you would argue for this lone exception it would be a higher standard of proof. It would be proof beyond a reasonable doubt. Yes, with the community applying it. And what's your best case to support that argument, this statement in Shales? Miller, Williams, Shales, and the district court judge here even said, and I'm quoting right from the transcript, is that obscene? Well, we'd have to ask the community, and the community is the jury. So in this very unique context of obscenity law, you cannot have this condition determined by, in the first instance, the probation officer, in the second instance, a district court judge sitting as a trier of fact under the preponderance of evidence standard. Have you ever heard of an advisory jury being impaneled in a probation revocation type proceeding? No, and probably like yourself, Your Honor, I've been in dozens, dozens, and hundreds. I've never heard of it, but I think it goes to the uniqueness of obscenity law, which has, again, been a real thorny issue for the courts for decades. Thank you. Thank you, Your Honors. Thank you both for your argument this morning.
judges: McKeown, Tallman, Gleason